SAM CLELAND V. THE STATE.

No. 7253.   Decided December 6, 1922.

Rehearing Denied February 21, 1923.

**1.—Transporting Intoxicating Liquor—Plea of Guilty.**

Where, upon trial of unlawfully transporting intoxicating liquor, defendant pleaded guilty and was represented by counsel, and it was agreed between him and the district attorney that the latter should recommend the minimum punishment, but the jury in their discretion vested in them by law, found the defendant guilty and assessed his punishment at one and one-half years in the penitentiary, there is no reversible error.

**2.—Same—Rehearing—Practice on Appeal.**

On consideration of appellant's motion the court has discovered nothing to justify it in a change of views as expressed in the original opinion, the motion for rehearing is overruled.

Appeal from the District Court of Hunt.   Tried below before the Honorable Newman Phillips.

Appeal from a conviction of unlawfully transporting intoxicating liquor; penalty, one and one-half years imprisonment in the penitentiary.

The opinion states the case.

*Harrell & Starnes,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for the offense of unlawfully transporting intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of one and one-half years.

A plea of guilty was entered.   From the facts proven, it appears that appellant was transporting in an automobile a number of gallons of whisky.

In the judgment of conviction, it is made to appear that the plea of guilty was accepted under the formalities required by the statute, that is, that he was uninfluenced in making the plea by fear, persuasion, or delusive hope of pardon.

On the hearing of the motion for new trial, it is charged that immediately before the jury was impaneled, appellant entered into an agreement with the district attorney to enter a plea of guilty with the understanding that the district attorney would recommend that the jury assess the minimum punishment against him; that the trial court was made aware of this agreement before the plea of guilty was entered; that in argument the district attorney stated to the jury the substance of the agreement and that he felt satisfied that the

penalty agreed upon would meet the ends of justice. The jury, after hearing the evidence, and the statement of the district attorney, assessed the penalty at confinement in the penitentiary for one and one-half years, the minimum being one year.

The statute pertaining to the plea of guilty not only prescribes the circumstances under which it shall be received, but says:

"Where a defendant in a case of felony persists in pleading guilty, if the punishment of the offense is not absolutely fixed by law, and beyond the discretion of the jury to graduate in any manner, a jury shall be impaneled to assess the punishment, and evidence submitted to enable them to decide thereupon." (Arts. 565 and 566, C. C. P.)

There are many expressions of this court emphasizing the mandatory effect of this statute. See Vernon's Texas Crim. Statute, Vol. 2, p. 289.

The appellant was represented by counsel. All parties were charged with knowledge of the fact that the assessment of the punishment, within the statutory limitations, was exclusively within the discretion of the jury. The terms of the agreement as set out in the bill of exceptions are consistent with this view. The promise made by the district attorney was to recommend the minimum punishment. This was done. The jurors made no agreement, and could have made none; nor was the discretion vested in them by law in any sense affected by the agreement in question. The verdict rendered by them is binding upon the appellant and upon this court.

We will add, however, that we find nothing in the record suggesting that there existed any facts which would have excused the appellant or mitigated his punishment.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

HAWKINS, JUDGE.—On consideration of appellant's motion we have discovered nothing to justify us in a change of the views expressed in our former opinion.

The motion for rehearing is overruled.

*Overruled.*