DEWARD NEWSOM v. THE STATE.

No. 7209.   Decided March 29, 1923.

Rehearing denied October 17, 1923.

1.—Assault to Murder—Plea of Guilty—Agreement—Waiver.

Where the judgment was attacked upon the ground that before the defendant entered the plea of guilty, State's attorney agreed that he would not contest appellant's contention for suspension of sentence, and that this agreement was violated, and appellant supported his motion for a new trial by affidavit, and the judgment overruling the motion stated that evidence was heard thereon, but there was no controverting affidavit, held, it must be presumed that the court acted properly, and that the appellant

waived the filing of pleading on the part of the State. Following Richard-
son v. State, 28 Texas Crim. App., 216, and other cases.

2.—Same—Written Agreement—Practice on Appeal.

The appellant relying upon an agreement, verbal or written, controlling
the introduction of evidence should have interposed an objection at the
proper time, and in the absence of a bill of exceptions bringing this mat-
ter properly before this court, the same cannot be reviewed.

3.—Same—Second Motion for Rehearing.

This court perceives no reason which leads it to believe that its former
disposition of the case was erroneous, and the application for second mo-
tion is denied.

Appeal from the District Court of Bosque. Tried below before
the Honorable Irwin T. Ward.

Appeal from a conviction of assault with intent to murder; pen-
alty, two years imprisonment in the penitentiary.

The opinion states the case.

*Chrisman & Chrisman,* and *W. E. Myers,* for appellant. On ques-
tion of motion for a new trial upon newly discovered evidence, Stan-
ley v. State, 16 Texas Crim. App., 400; Keith v. State, 56 S. W. Rep.,
628; Bryant v. State, 69 Texas Crim. Rep., 457; Hicks v. State, 75
id., 461.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for assault with
intent to murder; punishment fixed at confinement in the penitentiary
for a period of two years.

There was a plea of guilty. Evidence was heard which is sufficient
to sustain the verdict.

The judgment is attacked upon the ground that before the ap-
pellant entered the plea of guilty, State's attorney agreed that he
would make no contest of appellant's application for the suspension
of his sentence and that this agreement was not observed in that the
attorney for the prosecution introduced testimony bearing upon the
reputation of the appellant. This attack is made by way of motion
for new trial, which is verified by the oath of the appellant. In the
order overruling the motion for new trial, there is an expressed
statement that the court heard evidence thereon. However, there is
no controverting affidavit. Whether in the absence of such affidavit
the court may hear evidence touching the truth of the grounds of the
motion for new trial is a question upon which there is some lack of
harmony in our decisions. In Stanley v. State (16 Texas Crim.
App. 392) and Harris v. State (17 Texas Crim. App., 559 this

privilege is apparently denied to the State, but in Keith v. State (56 S. W. Rep. 628) the contrary view seems to have been taken. On the subject, it is said in the statute:

"The State may take issue with the defendant upon the truth of the causes set forth in the motion for a new trial; and, in such case, the judge shall hear evidence, by affidavit or otherwise, and determine the issue." (Art. 841, Code of Crim. Proc.)

When, in the motion for new trial, a matter of fact is set up and verified by the oath of the accused, the better practice obviously would be for the prosecution, if it desired to controvert the truth of the averment, to file a written pleading upon the subject. The statute, however, both in Art. 841 and Art. 613, C. C. P., expressly authorize the court to hear evidence, and certainly the filing of a pleading as the basis therefor is a matter that the accused could waive and will be held to have waived in the absence of objection. See Art. 22, C. C. P., authorizing the accused to waive any right save that of a trial by jury. Other cases which support this view are collated in Vernon's Tex. Crim. Stat., Vol. 2, p. 325, notably Richardson v. State, 28 Texas Crim. App., 216; Jackson v. State, 23 Texas Crim. Rep. 183.

The judgment overruling the motion for new trial showing expressly that it was based upon the hearing of evidence and the evidence not having been brought forward so that this court may have the benefit of it, the presumption must be indulged that the evidence adduced on the hearing sustains the court's action in overruling the motion.

In the instant case had there been objection to the hearing of the evidence on the motion for new trial, the matter would be presented in a different light. As reflected by the record, it appears that evidence against the good reputation of appellant was heard without objection from him.

The alleged agreement, the effect of which is to attack the judgment of the court accepting the plea of guilty, was one in which it is not clear that the trial court was bound to respect. Certainly not when the agreement is not reduced to writing. See Keaton v. State, 41 Texas Crim. Rep. 621; Thompson on Trials, Vol. 1, Sec. 198 to 201; Sam Cleland v. State, 93 Texas Crim. Rep., 503, 247 S. W. Rep., 861. The appellant, relying upon an agreement, verbal or written, controlling the introduction of evidence, should have interposed an objection at the time the evidence was offered and permitted the trial court to determine whether under the agreement the proffered evidence should be received and whether the agreement would be enforced by the court. This should be done to the end that if the ruling is adverse, the whole matter might be embraced in a bill of exceptions and the correctness of the ruling decided on appeal. In

the absence of such bill of exceptions, the matter under discussion in the instant case is not before this court in a manner authorizing its review.

For the reason stated the judgment is affirmed.

*Affirmed.*

ON APPELLANT'S APPLICATION TO FILE SECOND MOTION FOR REHEARING.

October 17, 1923.

HAWKINS, JUDGE.—The judgment was affirmed and appellant's motion for rehearing overruled without a written opinion. He now requests permission to file a second motion for rehearing. We perceive no reasons which lead us to believe our former disposition of the case to be erroneous.

The request is denied.

*Denied.*