## C. G. Adams v. The State.

No. 7673. Decided October 10, 1923.

Rehearing denied January 2, 1924.

1.—Robbery—Newly Discovered Evidence—Bill of Exceptions—Affidavit.

Where no affidavit was attached to the motion or new trial of one witness whose testimony would have been only cumulative, and the testimony of the other witness would have been inadmissible because hearsay, there was no error in overruling the motion for newly discovered evidence.

2.—Same—Peremptory Challenges—Capital Offense—Waiver.

Where, upon trial of robbery, the indictment charged a capital offense and the Court submitted a charge thereon, and the Court below refused the request of defendant to be allowed fifteen challenges, and there was no statement on file on the part of anyone authorized to bind the State waiving the death penalty, the same is reversible error.

. Appeal from the District Court of Wichita. Tried below before the Honorable P. A. Martin.

Appeal from a conviction of robbery by the use of firearms; penalty five years in the penitentiary.

The opinion states the case.

*Weldon & McDonald* for appellant. Cited Kerley v. State, 230 S. W. Rep., 163, and cases cited in opinion.

*R. G. Storey,* Assistant Attorney General for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Wichita County of robbery, and his punishment fixed at five years in the penitentiary. There is no statement of facts in the record.

Appellant complains by his first bill of exceptions of the refusal of a new trial based on newly discovered testimony. Appended to said motion is the affidavit of John A. Thomason stating, in substance, that J. E. Glenn, an officer of the city of Wichita Falls, came to affiant in the city hall where appellant, one S. M. Ghee and Mary Dobson were confined, and handed affiant a package containing about one teaspoonful of white powder wrapped in brown paper, and told affiant that he took it off the person of Ghee. Affiant took said package and put it away. The affidavit contained the further statement that prior to Ghee's arrest he had been under suspicion by the police department for peddling dope and that he had been in company with a person who was subsequently indicted and convicted in the Federal court for selling narcotics.

If Thomason had been a witness in court he would·not have been permitted to tell what Mr. Glenn told him about said powder. No affidavit of Glenn was procured stating that he took from the person of Ghee the powder in question. Further, we observe that the bill of exceptions is qualified with the statement that there was no dispute or question as to appellant having taken a dose or shot of some kind of dope prior to the commission of the alleged crime in this case, and no one contradicted appellant's statement to that effect. It would seem that if the affidavit of Mr. Glenn had been attached, same would merely evidence cumulative testimony.

We do not think there is anything in appellant's complaint that he was not given fifteen peremptory challenges. There were a number of counts in the indictment, some charging assault with fire arms and robbery thus committed, and others omitting the allegation as to the firearms. The State waived any right to ask for the death penalty before the case went to trial. There was no error in the court's refusal to allow appellant fifteen peremptory challenges. Gonzales v. State, 88 Texas Crim. Rep., 248; Weaver v. State, 52 Texas Crim. Rep., 11.

Appellant's bills of exception complaining of the overruling of his objection to certain jurors presents no error in view of the qualifications appended by the court to said bills, from which we learn that upon a full and fair explanation by the court of the law, each juror said that he could and would try the case upon the law and the evidence and not be influenced by the fact that an indictment had been returned against the appellant.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON REHEARING.

### January 2, 1924.

LATTIMORE, JUDGE.—Appellant's bill of exceptions No. 4 sets up that after the accused had used ten peremptory challenges to jurors, he asked that he be allowed fifteen such challanges in all, this being a capital case. The court below refused the request on the ground that the State had waived the death penalty. In our former opinion it appears that we accepted without mature consideration this statement in said bill and held that the State had in fact waived the capital feature of the case and that there was no error in the refusal of the request.

In response to appellant's motion for rehearing we have carefully examined the record and conclude that such waiver does not sufficiently appear therefrom. The indictment charged a capital offense, to-wit: robbery with firearms, and the charge of the learned trial court submitted the law as applicable to such offense, the jury

being told therein that if they found appellant guilty of the offense charged in the indictment they should fix his punishment at death or confinement in the penitentiary for life, or any period of years not less than five. The jury would have been entirely within the law under this state of facts in assessing the death penalty. There is on file no statement or agreement on the part of anyone authorized to bind the State, waiving the death penalty. A statement made to the court by the attorney for the State as to his waiving the death penalty can not bind the jury. Cleland v. State, 93 Texas Crim. Rep., 503, 247 S. W. Rep., 861; Newsom v. State, 95 Texas Crim. Rep., 390, 254 S. W. Rep., 961. In no event would such agreement be binding unless with the sanction of the trial court, and if it be claimed that there was any waiver or attempted waiver, same does not appear in any authenticated way in this record. We were in error. From the case made,—both by the indictment and the charge of the court,—this was a capital felony and fifteen peremptory challenges should have been allowed the accused. We are not committing ourselves to any particular form of agreement in regard to the waiver of the capital feature of a case such as this, which waiver we think can be made as correctly announced by this court in the Gonzales case referred to in the original opinion. In Viley v. State, 92 Texas Crim. Rep., 395, we again affirmed the proposition that such capital feature may be dismissed, holding in that case because of the peculiar form of the indictment that such course was not open to the State. If such waiver further appeared from the record in the instant case by the court's refusal to submit to the jury the death penalty feature involved, we might be more inclined to the view that the State had waived the death penalty.

Appellant's motion for rehearing is granted, the affirmance set aside, and the judgment now reversed and the cause remanded.

*Reversed and remanded.*