## EX PARTE LAWRENCE EDWARDS.

No. 16610.   Delivered January 17 1934.
Reported in 67 S. W. (2d) 308.

The opinion states the case.

*Claud J. Carter, Jr.,* of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The relator is under conviction for the offense of passing a forged instrument. The evidence was circumstantial. He made application for a suspended sentence in due form which apparently was not submitted to the jury. However, the jury considered it and acted upon it as is demonstrated by their verdict shown in the judgment of the court as follows: "We, the jury, find the defendant, Lawrence Edwards, guilty as charged in the second count of the indictment with a recommendation of two years suspended sentence. W. E. Huffaker, Foreman."

The position assumed by the relator and his counsel is that the detention of the relator under the judgment is not legal and that he is entitled to discharge.

In the case of Champion v. State, 113 Texas Crim. Rep., 172, and previous cases upon the subject, the power of the court with reference to an informal verdict of the jury was reviewed. They culminated in the following statement in the Champion case, supra: "The proposition that the court cannot receive a verdict, discharge the jury, and thereafter change the verdict in any material part, has been often affirmed by this court, and is in accord with its uniform holdings."

See Pritchard v. State, 35 S. W. (2d) 717; Ex parte Duncan, 62 S. W., 758; Goodfellow v. State, 110 S. W., 755.

In the situation presented to the trial judge in the present case, that is, confronted with the verdict of the jury granting a suspended sentence (a subject which had not been submitted to the jury and upon which there was no sufficient evidence), the court's authority was to either *amend* the verdict with the *consent of the jury* or to refuse to receive it and then order the jury to retire and *reform* their *verdict.*

In the record on this appeal, the judgment of the trial court on the trial in which the relator was convicted is as follows:

## "JUDGMENT

"The State of Texas v. Lawrence Edwards, No. 40592.

"Offense: Passing a Forged Instrument.

"On the 20th day of June, A. D., 1933, the above entitled and numbered cause being called for trial, appeared the parties, the State by her District Attorney, and the defendant in person and by his attorney, and defendant having filed his application for a suspended sentence, and both parties having an-

nounced ready for trial, came a jury of twelve (12) good and lawful men, to-wit: W. E. Huffaker, and eleven others, who, having been selected, were duly impaneled and sworn, and the indictment having been read by the District Attorney, the defendant Lawrence Edwards, in person, in open Court, pleaded not guilty to the charge therein contained; the said plea of not guilty was received by the Court and entered of record upon the minutes. And the jury having been impaneled and sworn as aforesaid, and having heard the indictment read, and the defendant's plea of not guilty thereto, and having heard the evidence which was submitted, and having been charged by the Court, on the second count of the indictment, and having heard the argument of counsel, they retired in charge of an officer.

"And afterwards, having duly considered of their findings, they were again brought into open Court by the proper officer, and returned into said Court, in due form of law, on the 20th day of June, A. D., 1933, the defendant and his counsel then and there being present, the following verdict, which was received by the Court and then read by the Clerk, and which is now entered upon the minutes of the Court as follows, to-wit: 'We, the jury, find the defendant, Lawrence Edwards, guilty as charged in the second count of the indictment with a recommendation of two years suspended sentence, W. E. Huffaker, Foreman.' Filed 6-20-33, Hart McCormick, Clerk of the District Courts, Bexar County, Texas, by Emil R. Pavelka, Deputy."

"And it appearing to the Court that defendant failed to make the necessary proof to entitle him to a suspended sentence herein, it is therefore ordered that the recommndation for suspended sentence contained in the above verdict is hereby decreed to be surplusage, and ignored.

"It is therefore considered, ordered and adjudged by the Court that the defendant, Lawrence Edwards, is guilty of the offense of Passing a Forged Instrument, to which he has pleaded not guilty, and that he be punished, as has been determined by the jury, at confinement in the State Penitentiary for a term of two (2) years.

"It is further ordered by the Court, that the State of Texas do have and recover of and from Lawrence Edwards the defendant, all the costs of the prosecution, for which execution may issue, and that the defendant be remanded to jail, there to remain in custody to await the further order of this Court."

The judgment being one which the trial judge, under the facts bfore him, had not the power to render, such judgment

cannot be regarded as authority for the imprisonment of the relator.

The judgment in the habeas corpus proceeding refusing to discharge the relator is reversed, and it is ordered that so far as his restraint is based upon the conviction mentioned, he is entitled to his liberty, and should no longer be restrained. However, it appears from the record that there are other charges against the relator for offenses which are not involved in this proceeding, and his retention by virtue of other process than that pertaining to the conviction out of which this proceeding grows, is not to be affected by this opinion. In the order releasing the relator from custody, we are not called upon, and do not express, any opinion touching the relative rights of the state or the appellant in any future proceeding growing out of the offense with which the relator is charged and to which this appeal is addressed.

*Reversed, with directions.*