KENNETH HUMPHREYS v. THE STATE.

No. 17772.   Delivered November 20, 1935.

The opinion states the case.

*H. D. Barrow* and *R. R. Smith,* both of Jourdanton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

416

MORROW, PRESIDING JUDGE.—The conviction is for robbery with firearms; penalty assessed at confinement in the penitentiary for ten years.

Appellant entered a plea of guilty. However, before entering the plea, he agreed with the District Attorney upon a penalty of ten years' confinement in the penitentiary. After hearing the evidence and the charge of the court, the jury returned a verdict of guilty and assessed the penalty at confinement in the penitentiary for seven years. The court declined to receive the verdict of seven years and instructed the jury to retire and bring in a verdict of confinement in the penitentiary for ten years. The statute fixed the lowest penalty for the offense at confinement in the penitentiary for five years.

The governing statute reads as follows: "Where a defendant in a case of felony persists in pleading guilty, if the punishment is not absolutely fixed by law, a jury shall be impaneled to assess the punishment, and evidence submitted to enable them to decide thereupon." (Art. 502, C. C. P., 1925).

The power of the jury to assess the penalty in the case was conclusive. It was not within the province of the court to assess the penalty. See Cleland v. State, 93 Texas Crim. Rep., 503; Ex parte Edwards, 67 S. W. (2d) 308; Pritchard v. State, 117 Texas Crim. Rep., 106.

We are constrained to reverse the judgment for the reason that the court was without power to fix the penalty, and in the absence of a legal verdict, no judgment and sentence could be entered.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*