## D. E. HARRIS v. THE STATE.

No. 18951.   Delivered May 19, 1937.
Appeal Reinstated June 16, 1937.
Rehearing Denied October 20, 1937.

The opinion states the case.

*Tom Garrard,* of Tahoka, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for drunken driving of an automobile on a public highway, punishment assessed at sixty days' confinement in jail and a fine of $300.00 and appellant was prohibited from driving a car upon the highways of the State for twelve months.

The statement of facts and transcript were filed in this court on the 30th day of January, 1937, and the case set down for submission on the 14th day of April, 1937. The transcript contains no notice of appeal. On April 13th, the day before submission, appellant's counsel filed a request for postponement, averring that notice of appeal was given and a docket entry thereof made, but that the order was not carried forward into the court minutes. It is further stated that the next regular term of the trial court does not convene until the first Monday in September, 1937, and we are requested to postpone this case until after said date in order to give opportunity to have notice of appeal entered on the minutes.

Art. 827, C. C. P., provides as follows:

"* * * If notice of appeal is given at the term at which the conviction is had and the same is not entered of record, then by making proof of the fact, the judge of the court trying the cause shall order the same entered of record either in term time or vacation by entering in the minutes of his court an order to that effect. Said entry when so made shall bear date as of date when notice of appeal was actually given in open court."

· In view of the fact that no showing is made of an effort

to have the record perfected in vacation, we are not inclined to delay this case until the next term of our court.

The appeal will be dismissed and it is so ordered.

## ON THE MERITS.

CHRISTIAN, JUDGE.—The record having been perfected, the appeal is reinstated and the case considered on its merits.

The jury were advised in the charge of the court to add to their verdict the length of time appellant should be prohibited from driving any motor vehicle on the highways of this State, not to exceed two years. Appellant timely and properly excepted to said charge on the ground that Art. 802a, Vernon's Ann. P. C., had been repealed by Chap. 466, Acts of the 44th Legislature, Second Called Session. The verdict of the jury was, in part, as follows: "We further find that the defendant shall be prohibited from driving a motor vehicle upon the highways of this state for twelve months."

Art. 802a, supra, reads as follows:

"In all cases where a defendant is convicted of driving a motor vehicle while under the influence of intoxicating liquor or narcotics, the Jury at the same time shall add to their verdict the length of time that the defendant shall be prohibited from driving any motor vehicle on the highways of this State not to exceed two years. The Judge of the Court where such conviction is had shall cause to be entered on the Minutes of the Court an order prohibiting such defendant from driving any motor vehicle for a period of time found by the Jury. Any person violating such an order shall be deemed guilty of contempt and be punished in the manner now provided for contempt of Court."

In Sec. 16 of Chap. 466, Acts of the 44th Legislature, Second Called Session, it is provided that a conviction for a violation of the provisions of Art. 802, P. C., denouncing the driving of a motor vehicle while under the influence of intoxicating liquor, shall have the effect of automatically suspending the license of one so convicted for a period of six months for the first conviction. Said Chap. 466 was in effect at the time of the commission of the present offense. It is further provided therein as follows: "All laws or parts of law in conflict herewith are hereby expressly repealed * * *." We think it is manifest that Art. 802a, supra, has been repealed and that the verdict of the jury depriving appellant of the right to drive an automobile on

the public highways for twelve months was unauthorized by law.

As far as the record discloses the matter, this was appellant's first conviction under Art. 802, P. C. Hence it would follow that his license could only be suspended or revoked for a period of six months.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The question here involved is the same as that considered in overruling the State's motion for rehearing in No. 19,070, Clarence Harris v. State, opinion on rehearing this date. (Page 129 this volume.) For the same reason there given the State's motion for rehearing is overruled.

*Overruled.*