## CLARENCE HARRIS v. THE STATE.

No. 19070.   Delivered June 16, 1937.
Rehearing Denied October 20, 1937.

130

The opinion states the case.

*Cunningham & Lipscomb,* of Bonham, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, Presiding Judge.—Driving an automobile upon a public highway while intoxicated is the offense; penalty assessed at confinement in the county jail for 60 days and the prohibition against driving any motor vehicle upon the highways of the State for a period of two years.

Since the rendition of the former opinion (which was delivered June 2, 1937) we have reached the conclusion that Art. 802a, Vernon's Ann. P. C., has been repealed by Chapter 466, Acts of the 44th Legislature, Second Called Session, which provides that the license of one who operates an automobile while intoxicated shall be automatically suspended for a period of six months upon the first conviction.

In the present case, the court instructed the jury to add to their verdict the length of time appellant should be prohibited from driving any motor vehicle on the highways of this State, not to exceed two years. This instruction followed the provisions of Art. 802a, supra, which, as we have observed, has been repealed. The jury returned a verdict prohibiting appellant from driving a car upon the highways of the State for a period of two years, which was unauthorized, as the period of suspension was six months for the first offense. Under the circumstances, we are constrained to order a reversal of the judgment. See D. E. Harris v. State, No. 18,951, in which an opinion is this day delivered. (Page 126 of this volume.)

The former opinion of affirmance is withdrawn and the judgment is now reversed and the cause remanded.

*Reversed and remanded.*

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—At the time of the act upon which this prosecution was predicated Art. 802a, Vernon's Ann. P. C., read as follows:

"In all cases where a defendant is convicted of driving a motor vehicle while under the influence of intoxicating liquor or narcotics, the Jury at the same time shall add to their verdict the length of time that the defendant shall be prohibited from driving any motor vehicle on the highways of this State not to exceed two years. The Judge of the Court where such conviction is had shall·cause to be entered on the Minutes of the Court an order prohibiting such defendant from driving any motor vehicle for a period of time found by the Jury. Any person violating such an order shall be deemed guilty of contempt and be punished in the manner now provided for contempt of Court."

The 44th Legislature, 2d C. S., Chapter 466, page 1785, enacted a license law for drivers of motor vehicles, which, in Section 16 provided that the license of any person should be automatically suspended upon conviction for driving a motor vehicle while under the influence of intoxicating liquors, and further directed that the suspension in the first instance should be for six months, and in the second instance for a period of one additional year. By Section 22 of said Act all laws or parts of laws in conflict with such enactment were expressly repealed.

Our original opinion held that the Act of the Legislature just referred to had repealed Art. 802a. The State, by the able County Attorney of Fannin County, the Hon. Buster Cole, has filed a motion for rehearing in which it is contended that there is no such conflict between the two Acts in question as would necessitate the holding that Art. 802a was repealed by the Act of the 44th Legislature. He argues his point quite persuasively, but we have not been able to agree with him. The following illustrations, we think, exhibit the inescapable conflict. (1) A, the driver of a motor vehicle, is convicted for drunken driving. It is his first offense of that character, and the jury under Art. 802a suspends his right to drive for 30 days. Which controls, the automatic suspension for six months, or the 30 day suspension by the jury? (2) B is convicted for drunken driving. It is his second offense of the kind. The jury suspends his right to drive for two years under Art. 802a; but the Act of the 44th Legislature says that a second suspension may be for one year in addition to the first suspension of six months, or a total sus-

pension of 18 months. Which controls, the 18 months automatic suspension, or the two years jury suspension?

We have been unable to reconcile the two Acts and must therefore hold that the last repealed the first, or find antagonistic provisions where neither can be enforced.

The State urges that under certain conditions some motor driven vehicles such as tractors and road graders may be operated without a license, and therefore the Act of the 44th Legislature would have no application to them. It may be that some case might arise in the operation of such a vehicle that would demonstrate that we have no law against drunken driving thereof, but such a contingency in no way helps us out of the present difficulty.

We take note of the fact that the 45th Legislature in Title 116, Chapter 1, amended the Drivers License Law and in Title 13, Chapter 1, also amended Art. 802, P. C., but same in no way affects the case under consideration.

The State's motion for rehearing is overruled.

*Overruled.*