TONY SHORT V. THE STATE.

No. 19257. Delivered December 15, 1937.

The opinion states the case.

*H. H. Shelton,* of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is driving an automobile on a public street while intoxicated; the punishment, confinement in jail for thirty days.

The jury were advised in the charge of the court to add to their verdict the length of time appellant should be prohibited from driving any motor vehicle upon the highways of this State, not to exceed two years. The verdict of the jury was as follows:

"We, the jury, find the defendant guilty of driving an automobile while intoxicated, as charged in the indictment, and assess his punishment at thirty day jail sentence and that he shall be prohibited from driving a motor vehicle for one year."

Prior to the repeal of Art. 802a, Vernon's Ann. P. C., the jury would have been warranted in prohibiting the appellant from driving a motor vehicle on the highways of this State for a period not to exceed two years. However, when the offense was committed by appellant, and at the time of his trial, said Art. 802a was not in effect. The repealing act (Sec. 16 of Chap. 466, Acts of the 44th Legislature, 1935, Second Called Session) provided that a conviction for a violation of the provisions of Art. 802a, P. C., as amended by Acts 1935, First Called Session, Chap. 424, denouncing the driving of a motor vehicle while under the influence of intoxicating liquor, should have the effect of automatically suspending the license of one so convicted

for a period of six months for the first offense. In Harris v. State, 109 S. W. (2d) 201, it was held that the act of the Legislature mentioned repealed Art. 802a, supra. See, also, Harris v. State, 109 S. W. (2d) 203.

As far as the record discloses the matter, this was appellant's first conviction under Art. 802, supra. Hence it would follow that his license could only be suspended or revoked for a period of six months. It might be added that the statute provides that the effect of such conviction is to automatically suspend the license. Hence no charge on the subject should have been submitted to the jury.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.