## O. L. CHANEY v. THE STATE.

No. 19245.   Delivered December 15, 1937.
State's Rehearing Denied January 26, 1938.

518

The opinion states the case.

*A. A. Dawson*, of Canton, for appellant.

*Lewis O. Osborn*, Co. Atty., of Canton, and *Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for unlawfully driving an automobile upon the public highway while intoxicated; penalty assessed at a fine of fifty dollars.

The verdict of the jury prohibits the appellant from driving a motor vehicle upon the highways of Texas for a period of twelve months. Such verdict was authorized by Art. 802a of the Penal Code. However, that article was repealed by Chapter 466, Acts of 44th Legislature, 2nd Called Session, 1935. Under the terms of Chapter 466, supra, which was in force at the time of the appellant's conviction, he could only be prohibited from driving a motor vehicle on the highways of Texas for a period of six months for the first offense. In the absence of the evidence adduced upon the trial, this court must assume that the present instance is the first conviction of the appellant of the offense in question.

By reason of the repeal of Art. 802a, supra, by the Act of the Legislature mentioned, that part of the verdict of the jury depriving the appellant of the right to drive a motor vehicle upon the highways of Texas for a period of twelve months was unauthorized. See Harris v. State, 109 S. W. (2d) 201; Harris v. State, 109 S. W. (2d) 203; Reeves v. State, No. 19,190, not yet reported. (Page 248 of this volume).

The judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The State through the Honorable County Attorney of Van Zandt County files a motion for rehearing in which it is suggested that this court may reform the judgment to obviate the error upon which the reversal was predicated. To accomplish the reformation mentioned this court would be compelled to disregard a part of the jury's verdict, and we are aware of no authority which would support us in doing something which the trial court would be without power to do. See Pritchard v. State, 117 Texas Crim. Rep., 106, 35 S. W. (2d) 717; Williams v. State, 118 Texas Crim. Rep., 366, 42 S. W. (2d) 441; Ex parte Edwards, 125 Texas Crim. Rep., 188, 67 S. W. (2d) 308.

The motion for rehearing is overruled.

*Overruled.*