## HALE GRIFFIN V. THE STATE.

No. 19544.   Delivered March 16, 1938.

The opinion states the case.

*Baker & Baker,* of Coleman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—The appellant was convicted of driving an automobile upon a public highway while intoxicated, and fined $150.00 and sentenced to serve fifteen days in the county jail, and his right to operate an automobile on the public highways was suspended for two years.

We have heretofore held, in Harris v. State, 109 S. W. (2d) 201, that Article 802a, P. C., has been repealed by Chap. 466, Acts of the 44th Legislature, 1935, Second Called Session (Vernon's Ann. Civ. St., Art. 6687a, Sec. 1, et seq.)

In this cause we find that the jury in their verdict, in addition to the fine and imprisonment above mentioned, further found: "We, the jury, further find that the defendant should be denied the right to drive and operate an automobile or motor vehicle upon the public streets or highways of this State for two years."

Under Article 6687a, Sec. 16, Vernon's Ann. Civ. Statutes, it is provided: "(b) The revocation or suspension above provided shall in the first instance be for a period of six (6) months. In event any license shall be revoked or suspended under the

provision of this section for a second time, said second revocation or suspension shall be for a period of one additional year."

There is nothing in the record to show that this was not appellant's first offense, and, therefore, under the statute a conviction therefor would automatically suspend his right to drive an automobile on the public highways for a period of six months. Under the authority of Harris v. State, 109 S. W. (2d) 201; Harris v. State, 109 S. W. (2d) 203, and Frank Morris v. State, No. 19271, not yet reported [133 Texas Crim. Rep. 440], this judgment will be reversed and the cause remanded.