ELGIN HAYES V. THE STATE.

No. 19665.   Delivered April 27, 1938.

The opinion states the case.

*Bartlett & Bartlett,* and *W. E. Rogers,* all of Marlin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for unlawfully driving an automobile upon the public highway while intoxicated; penalty assessed at confinement in the penitentiary for twelve months.

The verdict of the jury, in response to the charge of the court, prohibits the appellant from driving an automobile upon the public highways of Texas for a period of two years. Such a verdict was formerly authorized by Article 802a, P. C., but under the present statute (Chap. 466, Acts of the 44th Legislature, 2d Called Session) the appellant is automatically prohibited from driving a motor vehicle upon the highways of Texas for a period of six months upon the first conviction. The record is silent as to any previous convictions of the appellant for the offense in question. This Court must therefore assume that the present instance is the first conviction of the offense charged. Under the circumstances, his license can only be suspended or revoked for a period of six months. See Harris v. State, 109 S. W. (2d) 203, and cases cited in Schultz v. State, (No. 19583) not yet reported. [Page 251 of this volume.]

Complaint is made in several bills of exception of various matters, including the arguments of counsel for the State. However, in view of the disposition made of the case, we pretermit a discussion of those matters as they are not likely to occur upon another trial.

The judgment is reversed and the cause remanded.