### ROY COLLINS V. THE STATE.

No. 19664.    Delivered April 27, 1938.

The opinion states the case.

*Cecil R. Glass,* of Marlin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for unlawfully driving an automobile upon the public highway while intoxicated; penalty assessed at confinement in the penitentiary for one year.

In addition to assessing against the appellant the penalty stated above, the verdict of the jury, in response to the court's charge, deprives appellant of the privilege of driving a motor vehicle upon the public highways of the State for a period of one year. Such a verdict was authorized under Article 802a, P. C. However, said article has been repealed by Chapter 466, Acts of the 44th Legislature, 2d Called Session, 1935. Under the terms of Chapter 466, supra, the appellant can only be prohibited from driving a motor vehicle upon the highways of the State for a period of six months upon the first conviction. In the absence of evidence to the contrary, this Court must assume from the record that the present instance is the first conviction of the appellant of the offense in question. Therefore, his license can only be suspended or revoked for a period of six months. See Harris v. State, 109 S. W. (2d) 201; Chaney v. State, 112 S. W. (2d) 464; Schultz v. State, (No. 19583) not yet reported [page 251 of this volume]. Since the present law automatically suspends the license of those convicted under Chapter 466, supra, we think it unnecessary that a charge on the subject be submitted to the jury.

In view of the disposition made of the case, we pretermit a discussion of the bills of exception as the matters of which complaint is made are not likely to occur upon another trial.

For the reason stated, the judgment is reversed and the cause remanded.