### Jim Coleman v. The State.

#### No. 3253.   Decided October 21, 1914.

**Theft—Verdict—Discharge of Jury.**

Where the first verdict is one not authorized by law and the second being rendered after the jury had been discharged and separated, there is no verdict in the case upon which a judgment can be based.

Appeal from the County Court of Gregg. Tried below before the Hon. J. H. McHaney.

Appeal from a conviction of petit theft; penalty, a fine of $37.

The opinion states the case.

No brief on file for appellant.

C. E. Lane, Assistant Attorney General, for the State.—On question of verdict and charge to jury: Cannon v. State, 3 Texas, 31; Ellis v. State; 27 Texas Crim. App., 190.

HARPER, Judge.—Appellant was prosecuted and convicted of theft. It appears that after the jury, upon being charged, retired to consider of their verdict, they afterwards returned into open court the following verdict: "We, the jury, find the defendant guilty, and assess his punishment at a fine of thirty-seven dollars." . The court accepted the verdict and discharged the jury. After discharging the jury, and they had left the courtroom, the court's attention was called to the fact that the verdict was not responsive to the charge, and was one unauthorized by law, in that the law requires in case of theft the punishment shall be confinement in the county jail and fine, or by confinement in jail alone without fine. In no event is the jury authorized to assess the punishment by fine alone in case of theft. He then had the jury recalled, explained to them he could not accept the verdict and called their attention to the law. The jury was again placed in retirement, when they returned the following verdict, upon which the judgment is based: "We, the jury, find the defendant guilty and assess his punishment at thirty-seven days in jail."

After the court had discharged the jury and they had separated, he had no authority to reconvene them, and the last verdict returned is a nullity and can not support a judgment. Especially is this true when it is shown by the record that one of the jurymen, Hugh Echols, talked

with Jasper Rodden about the case and verdict while 'the jury was discharged and before they were recalled.

The first verdict is one not authorized by law, and the second, being rendered after the jury had been discharged and separated, there is no verdict in this case upon which a judgment can be based. When the court ascertained that the verdict was an improper one, and he had discharged the jury, he should have promptly granted a new trial. As he did not do so, it becomes necessary for us to do so, and therefore the judgment is reversed and cause remanded for a new trial.

*Reversed and remanded.*