Telesfero Trevinio v. The State.

No. 6973. Decided November 29, 1922.

Rehearing Denied February 21, 1923.

**1.—Selling Intoxicating Liquor—Suspended Sentence.**

Where, upon trial of selling intoxicating liquor, the defendant before beginning the argument filed an application for suspended sentence in due form, but the court declined to entertain the same because it had not been filed before the announcement of ready for trial, and also because another jury had found a verdict of guilty against defendant without suspending his sentence. Held, reversible error. Following Hill v. State, 240 S. W. Rep., 252, and other cases.

**2.—Same—Indictment—Spirituous, Vinous and Intoxicating Liquor.**

Where the indictment charged that the defendant did sell one bottle of spirituous, vinous and intoxicating liquor capable of producing intoxication, the same was not duplicitous but sufficient, and there was no reversible error.

**3.—Same—Rehearing—Suspended Sentence.**

While this court does not intend to convey the idea that the statute

providing that such application for suspended sentence should be filed before the trial begins is to be ignored; yet under extraordinary conditions, as in the instant case, the plea for suspended sentence should have been considered, although it was filed after the trial began. Distinguishing Weatherford v. State, 73 Texas Crim. Rep., 441.

Appeal from the District Court of Kerr. Tried below before the Honorable R. H. Burney.

Appeal from a conviction of selling intoxicating liquors; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey,* Assistant Attorney General, for the State. On question of suspended sentence, Monroe v. State, 70 Texas Crim. Rep., 245; Williamson v. State, 72 id., 618; Muldrew v. State, 73 id., 463; Wilson v. State, 85 id., 148.

MORROW, Presiding Judge.—Conviction is for the unlawful sale of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of one year.

An attack upon the indictment is made upon the ground that the allegation therein that the appellant did sell "one bottle of spirituous, vinous and intoxicating liquor, capable of producing intoxication" was duplicitous. We think the point is not well taken. The offense is the unlawful sale of intoxicating liquor. The description of the liquor, that is, whether spirituous, or vinous, would at most be but a different means of committing the same offense. In either case, that is, whether spirituous or vinous, the liquor must be intoxicating to constitute the offense. See Black on Intoxicating Liquors, Sec. 12.

In the companion case, Travinio v. State, 92 Texas Crim. Rep., 140, we have considered the same question, stating more fully our reasons for the conclusion reached, together with citations of authorities.

Not before announcing ready for trial, but before the beginning of the argument, the appellant filed an application for a suspended sentence in due form as prescribed by the statute, Art. 865b. The court permitted it to be presented but declined to entertain it as an issue in the case or hear evidence under it upon the ground, as we understand the record, that it was not filed before the announcement of ready for trial, and upon the further ground that in the companion case, the jury had rendered a verdict of guilty against appellant without suspending his sentence. Appellant's attorney explained that he represented the appellant in both cases which were tried in rapid succession, and without full consideration of the matter at the beginning of the trial, he was under the impression that the verdict rendered in the companion case would preclude a consideration of the application for

a suspended sentence in this one; that reflecting in the matter, he concluded that under a proper construction of the statute touching the suspended sentence, the verdict in the other case would not be an impediment against the consideration of such a plea until the judgment of the verdict became final.  This view of the law has been recently sanctioned by this court in Hill v. State, 91 Texas Crim. Rep., 561, 240, S. W. Rep., 552; Hill v. State, 92 Texas Crim. Rep., 312, 243 S W. Rep., 982.  In a previous case, the intimation to the contrary was contained in Weatherford v. State, 73 Texas Crim. Rep., 441.  While in the statute it is said that the plea should be filed before the trial begins, this is not mandatory, and has been so held in the case of Wilson v. State, 85 Texas Crim. Rep., 149.  Within certain limitations, we understand that the practice permitting amendment of pleadings prevails in criminal cases.  When the matter is one that admits of an amendment, the trial court has the discretion to allow an amendment after announcement of ready for trial, and that this rule, where the ends of justice demand, should, we think, prevail in the matter of an application to suspend the sentence.  In the instant case, the trial judge was no doubt influenced in his refusal to allow the plea to be presented to the jury by the previous decision of this court in the case of Weatherford v. State, supra.  That being a mistaken view of the law, and resulting in the disregard of the plea for a suspended sentence, a new trial should result.

It is therefore ordered that the judgment be reversed and the cause remanded.

*Reversed and remanded.*

### ON REHEARING

### February 21, 1923.

HAWKINS, JUDGE.—The State has filed motion for rehearing insisting that we were in error in holding the application for suspended sentence should have been considered although not filed before the beginning of the trial.  We did not intend to convey the idea that the statute providing that such application should be filed "before the trial begins." (Art. 865b, C. C. P.) is to be ignored.  The decisions of this court are to the contrary.  Monroe v. State, 70 Texas Crim Rep., 245, 157 S. W. Rep., 154; Williamson v. State, 72 Texas Crim. Rep., 618, 163 S. W. Rep., 435; Muldrew v. State, 73 Texas Crim. Rep., 463, 166 S. W. Rep., 156; Wilson v. State, 85 Texas Crim. Rep., 148, 210 S. W. Rep., 802.  In the latter case it was uncertain whether there had been an announcement of ready, and upon that issue the opinion was based.  Under only extraordinary conditions should the court permit the plea for suspended sentence to be filed after announcement by both parties.  The State has a right to know if the issue is to be tendered in order to prepare to meet it.  In the instant case when the application was presented appellant expressly waived any objec-

tion to re-opening the case by the State on the issue tendered. There was no claim by the State that it was unprepared to meet it because of the delay in filing; if so the application could properly have been stricken out. Believing counsel for appellant was deterred from presenting the application under the holding in Weatherford v. State, 73 Texas Crim. Rep., 441, which was modified in the Hill cases cited in our original opinion, we believed that under the peculiar facts of the instant case the ends of justice demanded that the application should have been considered. However, we adhere to the correctness of the announcement of the general rule in the other cases cited herein.

The motion for rehearing is overruled.

*Overruled.*