C. F. Pritchard v. The State.

No. 13937. Delivered February 11, 1931.

The opinion states the case.

*E. O. Northcutt, of Amarillo,* for appellant.
*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE—Conviction for embezzlement of property over $50.00; punishment, two years in the penitentiary.

The record in this case shows that upon the trial of this cause that the appellant did not file any plea for suspended sentence, provided for under Art. 776, C. C. P. There was no issue as to a suspended sentence submitted in the court's charge to the jury. The jury returned into court the following verdict:

"We, the jury find the defendant, C. F. Pritchard, guilty of embezzlement in an amount of over $50.00 value, as charged in the indictment, and we assess his punishment at confinement in the penitentiary for two (2) years.                    W. P. Martin, Foreman.

"We the Jury, recommend a suspended sentence. W. P. Martin, Foreman."

Said verdict was received by the court as written and judgment entered thereon by the trial court, fixing appellant's punishment at confinement in the penitentiary at two years, as assessed by the jury but entirely ignoring that portion of the verdict which recommended a suspended sentence. This fairly raises the question as to whether a trial judge may receive a verdict which as part thereof, as in this case, recommended a suspended sentence and then enter a judgment which ignores such recommendation.

In the case of Bessett v. State, 78 Texas Crim. Rep., 110, 180 S. W., 249, 250, the majority of this court, speaking through Judge Prendergast, held in effect that when no plea for suspended sentence was filed before trial and the jury nevertheless returned a verdict of guilty recommending a suspended sentence, the action of the court in entering up a judgment and sentence upon such verdict, disregarding the recommendation to suspend was proper, since a judge has no power to suspend a sentence unless proper plea is filed before trial. In that case, Judge

Davidson filed a dissenting opinion, holding that: "If it be held that the defendant could not get the benefit of the suspended sentence without his sworn application, then the jury returned a verdict which they were not authorized to do, and the court did not have any authority to receive it. An illegal verdict is a paradox. If illegal, it is not to be received or enforced. If he did not like the verdict and thought it was illegal, he should have sent the jury back and required them to find a proper verdict."

He calls attention to C. C. P., (1911), article 773 (now article 696) and, continuing, says: "If the verdict is illegal, the court cannot legalize it by receiving it."

In the case of Champion v. State, 113 Texas Crim. Rep., 172, 19 S. W. (2d) 63, 65, which was a trial for forgery, the jury returned a verdict of guilty and assessed the punishment at two years in the penitentiary and recommended a suspended sentence. The trial court refused to receive the verdict because the issue of suspended sentence was not submitted to the jury and with the consent of the jury struck out the recommendation for suspended sentence and then received the verdict. This court speaking through Judge Lattimore affirmed said case upon the ground that Art. 696, C. C. P., authorizes judges of courts to reduce verdicts to proper form with the consent of the jury, and it is only when the jury refuses to have their verdict altered that it is deemed necessary under the plain terms of said article to return the verdict to them and send them back for further deliberation. He cites many cases in support thereof. The case was affirmed upon the ground that the trial judge refused to receive the verdict as returned until with the consent of the jury the recommendation for suspended sentence was stricken out. The dissenting opinion of Judge Davidson in the case of Bessett v. State, hereinbefore mentioned, was cited at length in said opinion with approval and in summing up what was held in said opinion by Judge Davidson, Judge Lattimore said: "It seems plain from this opinion that Judge Davidson's reasoning was to the effect that if the court had changed and reformed the verdict, or upon the jury refusing to have this done, had retired them, in either event there would have been no need for a reversal."

Continuing, Judge Lattimore says: "The proposition that the court can not receive a verdict, discharge the jury, and thereafter change the verdict in any material part, has been often affirmed by this court, and is in accord with its uniform holdings. In Baker v. State, 70 Texas Crim. Rep., 618, 158 S. W., 998, 1003, we said: 'The court could not accept the verdict of the jury and permit it to stand, and yet refuse to abide by it.'" Citing Essery v. State, 72 Texas Crim. Rep., 414, 163 S. W., 17; Coleman v. State, 75 Texas Crim. Rep., 66, 170 S. W., 150.

Judge Hawkins in the same case in his concurring opinion, says:

"I believe the opinion of the majority of the court in Bessett v. State, 78 Texas Crim. Rep., 110, 180 S. W., 251, is erroneous. I am in full accord with the dissenting opinion of Judge Davidson in that case to the effect that a trial judge may not receive a verdict which as a part thereof recommends a suspended sentence and then enter a judgment which ignores such recommendation."

It is our opinion that the trial court in this case having entered an unauthorized judgment upon the verdict, which he ought not to have received, makes it necessary for us to reverse the judgment and remand the cause.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.