GORDON WILLIAMS v. THE STATE.

No. 13986.   Delivered October 7, 1931.

The opinion states the case.

*Jones & Jones,* of Mineola, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Conviction is for selling intoxicating liquor; punishment assessed at one year in the penitentiary.

A deputy sheriff testified that he purchased of the appellant a pint of whiskey and two bottles of beer, for which he paid $2.50. The transaction was claimed to have taken place at appellant's place of business about a mile west of Mineola. Three days subsequent to the alleged sale, peace officers, armed with a search warrant authorizing the search of appellant's premises, made a search thereof. As they approached the premises, they saw appellant come out of the house with a carton in his hand containing seventeen pints of whisky. A pint of whisky and several bottles of home brew were found in the house; also evidence that recently there had been broken and spilled on the floor a large quantity of intoxicating liquor. Appellant's wife was also apprehended in the house with a half-gallon jar of whiskey in her hand.

Appellant did not testify. His defense was that of an alibi shown by

the testimony of three witnesses who testified that he was in Alva, Texas, at the time and date the deputy sheriff fixed the time of the sale.

Among other things, the appellant complains of the refusal of the trial court to grant a new trial because the verdict of the jury as received by the court was contradictory within itself and therefore a nullity.

The record in this case shows that upon the trial of this cause the jury were given forms for their verdict and blank spaces were left thereunder for the signature of the foreman. The jury returned in the court the following verdict:

"We, the jury, find the defendant not guilty.
"(Signed)    W. C. Bartlett, Foreman.

"We, the jury, find the defendant guilty as charged in the indictment, and assess his punishment at confinement in the penitentiary for one year.
"(Signed)    W. C. Bartlett, Foreman."

Said verdict was received by the court as written, and the judgment entered thereon by the court stated that the verdict of the jury was as follows: "We, the jury, find the defendant guilty as charged in the indictment, and assess his punishment at confinement in the penitentiary for one year."

This judgment entirely ignored that portion of the verdict which stated that the jury found the defendant not guilty. A verdict is a written declaration by a jury and their decision of the issue submitted to them. Article 686, C. C. P. Not less than twelve jurors can render and return a verdict in a felony case. It must be concurred in by each juror and signed by the foreman. Article 687, C. C. P.; The Constitution, art. 5, sec. 13.

In Horn v. State, 117 Texas Crim. Rep., 22, 35 S. W. (2d) 145, it is stated that while the trial court has the power to correct an informal or contradictory verdict with the consent of the jury, he is not a juror and cannot render a verdict or any part of it in a felony case, nor can he substitute his judgment for the verdict of the jury. It is well established that the court cannot accept the verdict of the jury and permit it to stand and yet refuse to abide by it. Baker v. State, 70 Texas Crim. Rep., 618, 158 S. W., 998; Essery v. State, 72 Texas Crim. Rep., 414, 163 S. W., 17; Coleman v. State, 75 Texas Crim. Rep., 66, 170 S. W., 150.

In the case of Champion v. State, 113 Texas Crim. Rep., 172, 19 S. W. (2d) 63, Judge Lattimore, speaking for the court, in part said: "The proposition that the court cannot receive a verdict, discharge the jury, and thereafter change the verdict in any material part, has been often affirmed by this court, and is in accord with its uniform holdings."

See also Pritchard v. State, 117 Texas Crim. Rep., 106, 35 S. W. (2d) 717.

To meet just such contingencies as appear in this record regarding the

verdict, article 696, C. C. P., was enacted, wherein it provides that if the verdict is informal, the attention of the jury shall be called to it and with the permission and consent of the jury, it is proper for the trial judge to correct and reduce it to proper form. It further provides that if the consent is not given the jury should be ordered to retire for further deliberation, unless it manifestly appears that the verdict is intended as an acquittal.

The primary issue before the jury under the indictment and appellant's plea of not guilty was whether or not the accused was guilty or not guilty of the offense charged. The two verdicts presented a plain inconsistency for which there was no certain solution. The evident conclusion of the trial judge in rendering judgment was that the jury intended to find appellant guilty, but this conclusion could not be arrived at from the two verdicts themselves, one finding him guilty, and the other finding him not guilty, considered abstractly. If this be true, the verdict was such as a judgment could not be rendered upon it. We therefore feel constrained to hold that such verdict was a nullity and that the court should not have received the same, and that the trial court should have set aside the verdict in response to appellant's motion for a new trial, and because of his failure to do so, a reversal of the judgment as entered by the trial court must necessarily follow.

Appellant also challenged the sufficiency of the affidavit and search warrant, as authorizing a search of appellant's premises, for various reasons. We have carefully considered each and all of these objections and fail to find that the affidavit and search warrant are subject to any of them. The premises sought to be searched is definitely described and the information upon which it was based was sufficient.

Appellant, by a number of bills of exception, objects to the testimony showing the result of the search of appellant's house, under a search warrant, three days later than the alleged sale, because it was proving another and extraneous and collateral offense which occurred subsequent to the offense for which the appellant was upon trial. Under the statement of facts, we are unable to see the relevancy of the evidence complained of; it neither connected or tended to connect appellant with the specific offense of the sale of whisky and beer on the 30th day of September, and should not have been admitted.

A number of other bills of exception are found in this record, some of which are exceptions to the overruling of appellant's application for a continuance, and some to the argument of counsel. Since this case will have to be reversed on other grounds, we do not deem it necessary to discuss same as they are not likely to occur upon another trial.

For the errors pointed out, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.