## MAY KING v. THE STATE.

No. 19825.   Delivered June 8, 1938.

The opinion states the case.

*M. E. Lawrence,* of Eastland, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for driving an automobile upon a public highway while appellant was intoxicated.

We find the record presents an unusual situation.

After instructing the jury what penalty they could assess in event they found appellant guilty of "drunk driving," the court also told them they might: " * * * in addition to the penalty, if any, you may assess, you shall state the length of time the defendant shall be prohibited from driving any motor vehicle on the highways of this State, not to exceed two years."

No objection was interposed to said instruction, but same was not the law. It had been repealed by an Act of the 2d C. S., 44th Legislature, which provided that the license should be automatically suspended for six months upon a first conviction for "drunk driving." Harris v. State, 109 S. W. (2d) 201; Morris v. State, 112 S. W. (2d) 193; Chaney v. State, 112 S. W. (2d) 464. Following the instruction of the court the jury returned a verdict of guilty, fixing the punishment at one year in the penitentiary and revoking appellant's driving license for two years.

In an apparent effort to correct the error the court entered a judgment following the verdict in so far as confinement in the penitentiary was concerned, and then ignored the part which revoked the driving license for two years, and adjudged a revocation for six months.

It is well established that the court can not accept the verdict, discharge the jury, and then decline to follow the verdict in a material part. Champion v. State, 113 Texas Crim. Rep. 172, 19 S. W. (2d) 63; Williams v. State, 118 Texas Crim. Rep. 366, 42 S. W. (2d) 441, and authorities cited in said opinions. The holding mentioned is given application even where the jury has incorporated in its verdict something not authorized in the court's instruction. See Pritchard v. State, 117 Texas Crim. Rep. 106, 35 S. W. (2d) 717; Ex parte Edwards, 125 Texas Crim. Rep. 188, 67 S. W. (2d) 308.

In the present case the jury believed from the instructions they had received that they could suspend appellant's driving license for two years. If they had not so believed a different verdict entirely might have been reached. It is not a case where this Court can reform a judgment.

We are compelled under the record to reverse the judgment and remand the case for a new trial.