THOMAS O. CAGLE V. THE STATE.

No. 22772. Delivered April 12, 1944.

The opinion states the case.

*M. Neal Smith,* of Longview, for appellant.

*Fred Erisman,* Criminal District Attorney, and *Mike Anglin,* Assistant District Attorney, both of Longview, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Upon a purported finding by the jury that appellant was guilty of robbery by assault, and that he had theretofore been convicted of similar felonies, the court sentenced him to imprisonment in the penitentiary for life.

Appellant contends that the verdict does not contain a finding of guilt upon the primary offense charged.

Only the second count of the indictment was submitted to the jury. This count was divided into paragraphs (referred to by the court in his charge as "sections"). The first paragraph charged that appellant on April 30, 1943, by assault and violence robbed Joe Witherspoon. The second paragraph charged that appellant had theretofore been convicted of similar felonies, naming them. It is recognized in the State's own pleading that in the second paragraph it was only averring the former convictions because it says in the beginning of said paragraph that prior to the commission by appellant of the robbery by assault which is "hereinbefore charged against him," and in concluding said paragraph it is averred that after these former convictions and judgments had become final appellant committed the robbery "hereinbefore charged against him in this indictment."

The Court charged the jury if they found beyond a reasonable doubt that appellant committed robbery upon Joe Witherspoon, and also that he had been previously convicted of the offense "as charged in the second section of the second count of the indictment, then you will find the defendant guilty as charged, and the form of your verdict will be as follows:

"We, the jury, find the defendant guilty as charged in the *second section* of the second count of the bill of indictment."

The court also gave the jury other forms of verdicts to correspond with their findings under certain ascertained facts. The jury returned the verdict copied above. The trial court realized the necessity of having a finding by the jury not only as to guilt of the present offense charged, but also upon the question of the prior convictions which had been alleged. The form of verdict suggested was unfortunate and evidently was an oversight on the part of the court. If the jury had returned the verdict in question without the form having been suggested by the court its failure to pass upon the guilt of appellant for the present offense charged would not even be debatable. If the verdict does not include a finding of guilt upon the primary offense it is futile to cavil as to how the error came about. The court can not receive a verdict and give effect to part of it and ignore some other part. Williams v. State, 118 Tex. Cr. R. 366, 42 S. W. (2d) 441 and cases therein cited. Neither may the court receive a verdict and go beyond it in entering judgment

thereon. The judgment must follow the verdict. If it did so in the present case it would simply adjudge that appellant at some previous time had been convicted of certain felonies because nothing more than that is charged in the second section of the second count. No judgment of conviction could be sustained against appellant in the absence of a finding that he robbed Joe Witherspoon as charged in the first section of the second count, and there is no such finding reflected by the verdict in question.

The Court realized the requirement of the statute (Art. 766 C. C. P.) that the judgment follow the verdict in that it should be "considered by the court that the defendant is adjudged to be guilty *of the offense* as found by the jury." The judgment recites all the things required under said Art. 766, sets out the verdict as follows:

"We, the jury, find the Defendant guilty as charged in the second section of the second count of the indictment.
                    "T. B. Chadwick, Foreman"
and then continues:

"It is therefore considered and adjudged by the Court that the Defendant Thomas O. Cagle is guilty of the offense of Robbery by assault as *charged in the second section of the second count* of the indictment, *as found by the jury,* * * *" (Italics ours).

As a matter of fact, appellant was not charged with robbery in said second section of the second count.

The record does not present a case where this court may amend a judgment as is permitted under certain conditions. The difficulty here is with the verdict.

The judgment can not be amended to adjudge appellant to be guilty of the robbery as charged in the *first* paragraph of the second count without interpolating into the verdict something beyond the limitation of its own language.

It is true, as insisted by the State, that we may look to the court's instructions and the indictment to interpret the verdict. But this does not aid us here. It is not a question of what was intended to be accomplished, but what in fact was covered by the terms of the verdict which are not uncertain or ambiguous.

It is observed that nowhere in the judgment is it stated what punishment was assessed against appellant. This does appear

in the sentence. It should also be in the judgment in order to comply with the requirement of Art. 766 C. C. P., although the punishment may have been fixed by the court instead of the jury.

Because of the failure of the verdict to reflect a finding of guilt upon the primary offense charged the judgment is reversed and the cause remanded.