## H. T. SHAVER v. STATE.

No. 24393. June 22, 1949.

*E. C. Wellborn,* Henderson, for appellant.

*Ernest S. Goens,* State's Attorney, Austin, for the state.

KRUEGER, Judge.

The offense is forgery with two prior convictions. The punishment assessed is confinement in the state penitentiary for life.

Appellant challenges the sufficiency of the evidence to justify and sustain his conviction. The statement of facts reflects that appellant was employed by L. J. Plunkett at a filling station where he worked until about the 2nd day of October, 1948; that during his employment he took five blank checks out of a blank check book belonging to Mr. Plunkett, his employer, made the checks payable to himself, signed the name of Mr. L. J. Plunkett thereto without Plunkett's consent and cashed them. This all occurred on the same day, to-wit: October 2, 1948.

Appellant did not testify nor did he call any witness controverting the testimony of the state. His only defense was insanity and the state, by many witnesses, controverted this issue. The state's case depends on circumstantial evidence and the court in his charge to the jury instructed them relative to the law on the subject to which no objection was interposed. In fact, appellant made no objection to any part of the court's charge.

Appellant brings forward fifteen bills of exceptions, but in view of the disposition we are making of this case, it is not deemed necessary to discuss all of them.

We find two verdicts in the record, the first of which reads as follows: "We, the jury, find the defendant guilty, Jack Moore, Foreman." This verdict the court declined to receive because it was incomplete. Thereupon, the court, with the consent of all the jurors, amended the same so as to read as follows: "We, the jury, find the defendant guilty of forgery;" without assessing any punishment. The verdict was received by the court and entered of record. Thereupon, the court adjudged him guilty of forgery and as an habitual criminal, and sentenced him to imprisonment in the state penitentiary for life. The question here before us is, was the court authorized to go beyond the verdict of the jury and sentence him to imprisonment for life? In determining the question, we must look to the indictment, the charge of the court, and the judgment as pronounced by the court. The indictment charged appellant with forgery and two prior convictions for felonies less than capital. When appellant entered a plea of not guilty thereto, it raised the issues. The court recognized it and in his charge submitted to the jury not only the charge of forgery but the two former convictions as well. This was proper. The jury having found him guilty only

of forgery and not of two prior convictions of offenses less than capital, the court was not authorized to so find and sentence him to life imprisonment. See Art. 766, C. C. P., Sec. 9, and Cagle v. State, 147 Tex. Cr. R. 140 (179 S. W. 2d 545). This court is not in a position to reform the judgment and sentence because the jury failed to assess any punishment for the offense of which they found him guilty, to-wit: forgery.

It occurs to us that the evidence relating to the shooting of the deputy sheriff by appellant was not admissible, since it had no connection with or any relation to the offense for which he was on trial.

For the error herein pointed out, the judgment of the trial court is reversed and the cause is remanded.

Opinion approved by the court.