## ELMER HARDY V. STATE.

No. 26,442.   June 24, 1953.
State's Motion for Rehearing Denied (Without
Written Opinion) October 14, 1953.

*R. E. Murphey,* Coleman, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

The opinion heretofore rendered in this case is withdrawn, and the following is substituted therefor:

This is a conviction for violating the liquor laws, with punishment assessed at a fine of $450 by reason of prior convictions.

The sufficiency of the evidence to support the judgment of conviction is challenged.

The information charged that appellant, on March 6, 1952, unlawfully possessed whisky for the purpose of sale. This allegation we hereafter refer to as the primary offense.

In addition, the information alleged that appellant, on two prior occasions, had been convicted of an offense of like character. These prior convictions were alleged with much definiteness in the information, even to the point of alleging the volume of the court minutes in which the respective judgments of conviction were entered.

There is an entire absence of any proof sustaining or attempting to sustain the allegations relative to the two prior convictions.

In submitting the case to the jury, the trial court submitted such prior convictions to the jury as follows:

"C) Now, based upon the instructions hereinabove contained in this Charge, you shall, if you have found Defendant Guilty of the said primary offense which is alleged to have occurred on or about March 6, 1952, be governed by the following additional instructions in assessing his punishment:

"1) In the event you do not consider either of the alleged prior offenses in assessing Defendant's punishment, then you shall assess his punishment at a fine of not less than $100.00 and not more than One Thousand Dollars, or by imprisonment in the County Jail for not more than one year, or by both such fine and imprisonment.

"2) In the event you consider either one (but only one) of the alleged convictions in assessing Defendant's punishment, then you shall assess his punishment at a fine of not less than Two Hundred ($200.00) Dollars, and not more than Two Thousand ($2,000.00) Dollars, or by imprisonment in the county jail for not more than Two Years, or by both such fine and imprisonment.

"3) In the event you consider both of the alleged prior convictions in assessing Defendant's punishment, then you shall assess his punishment at a fine of not less than Four Hundred ($400.00) Dollars, and not more than Four Thousand ($4,000.00) Dollars, or by imprisonment in the county jail for not more than Four Years, or by both such fine and imprisonment."

Under said charge, the jury returned the following verdict:

"WE, THE JURY, find the defendant:

*Guilty* of the primary offense of *possession of liquor for sale* in a dry area, to-wit: In Coleman Co., Texas, on or about March 6, 1952, as alleged in the Information, and assess his punishment at :$450.00) Fine

"(In the event you considered either one, or both of the prior convictions alleged in the Information, in assessing the punishment you have indicated above, then you will return your further Verdict, as to whether you found Defendant *Had* or *Had*

*Not Been* convicted of the one, or of both, of the alleged prior offenses, which you so considered in assessing his punishment:

"1) We find that Defendant *Had* been convicted of a prior offense of like character on the 23rd day of January, 1945, in Cause No. 11,484, of the County Court of Coleman Co., Texas, as alleged in the Information.

"2) We find that Defendant *H*ad been convicted of a prior offense of like character on the 17th day of November, 1951, in Cause No. 11,923 of the County Court of Coleman Co., Texas, as alleged in the Information."

"Cecil Horne"

"Foreman."

The judgment entered upon such verdict was general, in adjudging appellant guilty of the primary offense, as found by the jury, and fixing his punishment at a fine of $450.

What is the construction to be given to such judgment? Is it to be construed as adjudicating appellant guilty only of the primary offense, without reference to the prior convictions, or is it to be construed as an adjudication of guilt of the primary offense and the prior convictions?

The penalty assessed—that is, a fine of $450—was authorized to be fixed by the jury for a conviction in either instance. Arts 61 and 666-41, V. A. P. C.

We do not have, here, a verdict general in nature—that is, finding appellant guilty as charged. To the contrary, the verdict here is very explicit and expressly finds appellant guilty of the primary offense charged and also that he had been convicted on each of the prior occasions. The verdict is not ambiguous or uncertain. No necessity exists, or is authorized, to construe the verdict or look for the intent of the jury.

The judgment entered upon such verdict must be given one of two constructions—that is, that appellant was thereby adjudged to be guilty of the primary offense and the two prior convictions, or that appellant was adjudged guilty only of the primary offense charged, thereby disregarding the finding in the verdict as to prior convictions.

A trial judge does not have the authority to receive a verdict

of a jury and refuse to abide by it. Baker v. State, 70 Tex. Cr. R. 618, 158 S. W. 998; Essery v. State, 72 Tex. Cr. R. 414, 163 S. W. 17; Coleman v. State, 75 Tex. Cr. R. 66, 170 S. W. 150; Pritchard v. State, 117 Tex. Cr. R. 106, 35 S. W. 2d 717; Williams v. State, 118 Tex. Cr. R. 366, 42 S. W. 2d 441; Cagle v. State, 147 Tex. Cr. R. 140, 179 S. W. 2d 545; King v. State, 135 Tex. Cr. R. 71, 117 S. W. 2d 800.

We have no authority to say that the trial court, in entering the judgment in this case, disregarded the rule of law just stated. To the contrary, we must assume that he followed the law and entered judgment in accordance with the jury's verdict.

It is clear, therefore, that the judgment here follows the verdict and adjudges appellant to be guilty of not only the primary offense charged but also of the two prior convictions, as alleged.

Such judgment is without evidence to support it, because there is no testimony showing the prior convictions.

Appellant's motion for rehearing is granted, and the judgment of the trial court is now reversed and the cause remanded.

Opinion approved by the court.