## EX PARTE EUGENE PADGETT

No. 27,634. May 11, 1955

*Leon Douglas*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

Relator Eugene Padgett again seeks his release from the penitentiary where he is confined under sentence assessed against him in Cause No. 11,685 in the district court of Bell County, Texas. A prior application was refused because he was serving also a 20-year sentence from Kendall County. Ex parte Padgett, 230 S.W. 2d 813.

It is shown that relator has now satisfied the Kendall County sentence, and that his present confinement in the penitentiary rests alone upon the above sentence pronounced against him in the district court of Bell County.

The indictment in Cause No. 11,685 charged him with the offense of murder with malice; a jury was waived and upon a plea of guilty the court assessed a term of 99 years in the penitentiary.

The trial court was without authority to render such judgment in a trial without a jury.

The controlling statutes and decisions are as follows:

Art. 10a, V.A.C.C.P.: "The defendant in a Criminal prosecution for any offense classified as a felony less than a capital offense, shall have the right, upon entering a plea of guilty, to waive the right of a trial by a jury, * * *"

Art. 12, V.A.C.C.P.: "No person can be convicted of a felony except upon the verdict of a Jury duly rendered and recorded, unless in felony cases less than capital, the defendant upon entering a plea of guilty has in open Court in person and with the approval and consent of the Court and the State's Attorney, as provided in Section 1 of this Art, (Article 10a of Code of Criminal Procedure of the State of Texas), waived his right of a trial by jury. * * *"

Art. 47 P.C.: " * * * Felonies are either capital or not capital. An offense for which the highest penalty is death is a capital felony. * * *"

The legislature is without authority to deny the right of trial by jury, but may by statute provide for the waiving of such right. McMillan v. State, 122 Texas Cr. R. 583; 57 S.W. 2d 125.

Neither by the statutes above mnetioned nor by any other enactment has the legislature provided that one° charged with a capital offense may waive a jury.

Murder with malice is a capital felony. Only by the absence of an allegation that the killing was upon malice or the waiver or abandonment of that portion of the indictment which alleges malice does the murder charge become a non-capital felony wherein waiver of a jury trial is authorized and a plea of guilty before the court permitted. In such event the punishment cannot exceed five years.

Construing Art. 1, Sec. 15 of the Constitution of Texas, and Arts. 10, 10a, 11 and 12, V.A.C.C.P., this court has held that a jury cannot be waived in a case involving a capital offense. Kemp v. State, 159 Texas Cr. R. 110, 261 S.W. 2d 573; Ex parte Stewart, 155 Texas Cr. R. 479, 236 S.W. 2d 799; Ex parte Traxler, 147 Texas Cr. R. 661, 184 S.W. 2d 286.

The conviction being deemed void for the reasons stated, the indictment stands as though no trial had occurred.

It is ordered that relator be relieved from further confinement in the penitentiary under said conviction and that he be delivered by the penitentiary authorities to the sheriff of Bell County to answer in the district court of such county to the indictment which was originally returned against him in said Cause No. 11,685.