CALVERT, NORVELL and GREENHILL, JJ., join in this dissent.

**Ex parte Carl BETANCOURT.**
No. 30427.

Court of Criminal Appeals of Texas.
Jan. 14, 1959.

1. "Section 1. That chapter 7, Volume II of the Code of North Carolina, be and the same is hereby amended by adding a subsection after section 2294 and before section 2295, as follows:

"2294(a) That married women, and minors of the age of twelve years and upwards, are hereby authorized and empowered to become stockholders in and buy, sell, hold, pay dues on, withdraw, transfer and otherwise deal in stock in any such association in the same manner and with the same powers, right and liabilities, force and effect as though such minors or *feme coverts* were of full age or unmarried."

No attorney on appeal for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Presiding Judge.

This is an original application for writ of habeas corpus brought by relator Carl Betancourt.

From the record before us, it appears that relator waived a jury and entered a plea of guilty to an indictment charging robbery with firearms in cause No. 1943–B in the District Court of Taylor County on March 30, 1954, and was by the court found guilty of the offense of armed robbery.

The trial court was without authority to render such judgment in a trial without a jury. Recently, in Ex parte Padgett, 161 Tex.Cr.R. 498, 278 S.W.2d 865, we thoroughly discussed this identical question.

It is ordered that relator be relieved from further confinement in the penitentiary under said conviction and that he be delivered by the penitentiary authorities to the Sheriff of Taylor County to answer in the District Court of such county to the indictment which was originally returned against him in cause No. 1943–B.

It is so ordered.