**Leroy GOLDEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41744.**

Court of Criminal Appeals of Texas.

Nov. 20, 1968.

Rehearing Denied Jan. 8, 1969.

No attorney of record on appeal.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is the unlawful sale of beer in a dry area; the punishment, 60 days in jail and a fine of $300.

Trial was before a jury empaneled on November 14, 1967. A verdict of guilty having been returned, and appellant having elected to have the punishment assessed by the court, the hearing on the proper punishment to be assessed was postponed at appellant's request until November 19, 1967. After hearing on said date, the court assessed the punishment above mentioned and pronounced sentence. On the following day appellant gave notice of appeal, and thereafter, on December 21, 1967, again gave notice of appeal.

The state moves to dismiss the appeal because the judgment entered does not comply with Art. 42.01 Vernon's Ann.C.C.P.

Art. 42.01, supra, extended the requirements of Art. 766 C.C.P., 1925, (which related to the judgment in felony cases) to misdemeanor cases; and Art. 42.02 C.C.P., 1965, redefined "Sentence" to include certain misdemeanor cases.[1]

The record contains the court's charge to the jury showing the plea of the defendant; the jury's verdict of guilty; a "Judgment and Sentence" entered November 29 and filed November 30, 1967, with appellant's exception and notice of appeal noted thereon.

Art. 41.04 V.A.C.C.P. provides: "No judgment shall be arrested for want of form."

While the punishment assessed by the court is shown in the portion of the "Judgment and Sentence" filed November 30 designated as "Sentence," all of the matters required by Art. 42.01 V.A.C.C.P. to be shown in the Judgment appear in the record and this court has authority to reform the judgment.

The judgment is reformed so as to comply with said Art. 42.01 V.A.C.C.P.

No brief was filed in the trial court and the record on appeal presents no unassigned error which, in the opinion of the court, should be reviewed in the interest of justice. (Art. 40.09, Sec. 13, V.A.C.C.P.)

The judgment is affirmed.

---

1. Art. 42.02 C.C.P. provides: "A 'sentence' is the order of the court in a felony or misdemeanor case made in the presence of the defendant, except in misdemeanor cases where the maximum possible punishment is by fine only, and entered of record, pronouncing the judgment, and ordering the same to be carried into execution in the manner prescribed by law."
However, Art. 42.14 of said Code provides: "The judgment and sentence in a misdemeanor case may be rendered in the absence of the defendant."