**Virginia Lynne FAUGH, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 45210.

Court of Criminal Appeals of Texas.

June 14, 1972.

John R. Nelms, Dallas, for appellant.

Henry Wade, Dist. Atty., W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., and Robert Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is an appeal from a conviction for unlawful possession of a dangerous drug. Appellant entered a plea of guilty before a jury, which found her guilty, assessed her punishment at a fine of $1250, and recommended probation. The court ordered that appellant pay $500 of the fine as a condition of probation, and probated $750 of the fine.

Appellant raises two grounds of error. In both grounds she contends that the trial court erred in ordering that a portion of the fine be paid. In support of her contention, appellant cites our holding in the recent case of Johnson v. State, 473 S.W. 2d 939 (Tex.Cr.App.1971).

We feel that Johnson v. State, supra, is controlling. While the verdict form in Johnson v. State, supra, differed somewhat from the one in the instant case, the point of decision in that case was that when the jury has recommended probation of a fine, as was done in the present case, the court may not require that it be paid.

The order should be reformed to show that the entire fine of $1250 is probated to conform to the verdict. As reformed, the order granting probation is affirmed. If the fine has actually been paid, it is ordered that it be remitted to appellant.

We also note, *ex mero motu*, that the judgment in this case erroneously recites that appellant plead not guilty. The docket sheet, charge to the jury, and stipulated statement of facts all recite that appellant entered a plea of guilty.

Where this Court has the necessary data before it for reformation, the judgment may be reformed on appeal. *e. g.*, Johnson v. State, 478 S.W.2d 442 (Tex.Cr. App., delivered March 8, 1972); Vasquez v. State, 477 S.W.2d 629 (Tex.Cr.App., delivered February 16, 1972); Golden v. State, 434 S.W.2d 870 (Tex.Cr.App.1968). Therefore, the judgment is reformed to reflect that appellant entered a plea of guilty.

As reformed, the judgment is affirmed.

ONION, Presiding Judge (concurring).

This appellant appeals from a conviction for unlawful possession of a dangerous drug. A plea of guilty was entered before a jury. The court instructed the jury to find her guilty and to assess her punishment at a fine not to exceed $3,000.00 or by confinement in jail for not less than 30 days nor more than two years, or by both such fine and imprisonment. See Article 726d § 15(a), Vernon's Ann.P.C. The jury assessed punishment at a fine of $1,250.00

and recommended probation. The court then ordered that the appellant immediately [1] pay $500.00 of the fine and probated $750.00 of the fine by placing the appellant on misdemeanor probation for a period of two years.

Appellant urges that the trial court was without authority to alter and modify the jury's verdict and was required to grant probation in accordance with the jury's verdict. She contends she was thus deprived of her right to trial by jury and that she was denied due process. The District Attorney counters with the claim that under Article 42.13 § 3(a) (4), Vernon's Ann. C.C.P., the court had the power to require that the appellant pay " . . . so much of any fine imposed as the court directs . . . " as "a prerequisite to the granting of probation in response to the jury's recommendation." Our State's Attorney, however, confesses error citing Johnson v. State, 473 S.W.2d 939 (Tex.Cr.App. 1971).

Article 42.13 § 3(a) and (b), supra, read as follows:

"Sec. 3. (a) A defendant who has been found guilty of a misdemeanor wherein the maximum permissible punishment is by confinement in jail or by a fine in excess of $200 may be granted probation if:

(1) he applies in writing to the court for probation before trial;

(2) he has never before been convicted in this or another jurisdiction of a felony or of a misdemeanor for which the maximum permissible punishment is by confinement in jail or exceeds a $200 fine;

(3) he has not been granted probation nor been under probation under this Act or any other Act in the preceding five years;

---

1. The docket sheet reflects that the court extended the time in which to pay the $500.00 until the day after the receipt of the jury's verdict.

(4) he has paid all costs of his trial and so much of any fine imposed as the court directs; and

(5) the court believes that the ends of justice and the best interests of society and of the defendant will be served by granting him probation.

(b) If a defendant satisfies the requirements of Section 3(a), (1), (2), (3), and (4) of this Article, and the jury hearing his case recommends probation in its verdict, the court must grant the defendant probation. The court may, however, extend the term of the probationary period to any length of time not exceeding the maximum time of confinement allowed by law. In the event probation is revoked in accordance with Section 6, the judgment of the court shall not prescribe any penalty in excess of that imposed by the jury."

Omitting some of the formal parts, the court's charge reads as follows:

"To this charge the Defendant has pleaded guilty, and she has persisted in entering such plea, notwithstanding the Court, as required by law, has admonished her of the consequences of same; and it plainly appearing to the Court that the Defendant is sane, and that she is not influenced to make said plea by any consideration of fear, nor by any persuasive or delusive hope of pardon, prompting her to confess her guilt, said plea is by the Court received, and you are instructed to find the Defendant guilty as charged in the Information and assess her punishment at a fine not to exceed three thousand dollars, or confinement in jail for a period of not less than thirty days nor more than two years, or both such fine and imprisonment.

"In this case the Defendant has filed her application in writing for the probation of such sentence as may be assessed by you against her, stating under oath that she has never before been convicted in this or another jurisdiction of a felo-ny or of a misdemeanor for which the maximum permissible punishment is by confinement in jail or exceeds a $200 fine, and that she has not been under probation in the preceding five years, then, if you so desire, in your discretion as a jury, you may recommend that the Court probate such sentence as you may assess on the form as provided herein for such verdict as indicated.

"If you find that the Defendant has heretofore been convicted in this or another jurisdiction of a felony or of a misdemeanor for which the maximum permissible punishment is by confinement in jail or exceeds $200 fine, or that she has been under probation during the past five years, or you do not desire as jurors to recommend to the Court that the sentence be probated, then you will simply assess the punishment as you may determine on the appropriate form as provided herein for such verdict as indicated."

During the deliberations, the jury sent a written note to the court—"Does the defendant have to pay a fine in a lump sum? Bobby L. Douglas". The question does not appear to have been answered. Subsequently, the jury returned its verdict assessing a fine of $1,250.00 and recommending probation.

In granting to juries the right under certain circumstances to recommend probation, it clearly appears to have been the legislative policy for such recommendation to be mandatory and binding upon the trial court in both felony and misdemeanor cases. See Articles 42.12 and 42.13, supra.

Does Article 42.13, supra, permit a trial judge in a misdemeanor case to require a defendant to pay all or any part of his fine imposed prior to carrying out the recommendation of the jury?

If so, then the trial judge could circumvent all or any portion of the jury's verdict he desired where only a fine is imposed by the jury, and to a lesser degree,

where the fine is only a part of the punishment assessed.

If, in the instant case where only a fine is assessed along with the probation recommendation, the court had the authority to require the payment of a portion of the fine, then he had the authority to require the payment of the entire fine. If the full punishment assessed is exacted as a prerequisite to probation, is not the jury's recommendation rendered meaningless? And under such circumstances, would not the subsequent requirement of probation be a more severe penalty than imposed by the jury? If, under these circumstances, probation is later revoked, what penalty would be required of the defendant considering the provisions of Article 42.13 § 3(b), supra?

It should also be remembered that where probation is granted pursuant to Article 42.13, supra, no judgment is even entered. If an assessed fine or part thereof is collectable under the circumstances described, the punishment assessed or part thereof is exacted without a judgment or sentence being entered and without the conviction being final. *Cf.* Article 42.15, Vernon's Ann.C.C.P., as amended 1971.

Surely, the Legislature did not intend to authorize a trial judge to circumvent and usurp a jury's verdict at his own whim or to exact punishment before the conviction is final. This would be an absurdity.

I recognize that Johnson v. State, supra, is similar to the case at bar in many respects but it turned on the court's instructions, verdict forms and the court's answer to the jury's question indicating that the jurors could grant probation for part of the punishment assessing a fine when subsequently that verdict was not followed. *Johnson* may well be dispositive of this appeal, but it and the majority opinion leave the impression that, if the court instructed the jury of the court's authority to require payment of all or part of a fine assessed as a prerequisite to granting probation, no error would be presented. I cannot agree.

One can imagine the effect such an instruction could have on the jury's verdict. In cases where the jurors conclude that a fine alone would be the appropriate punishment and agree to recommend probation, they may well assess jail time in order to insure that the judge does not tamper with the punishment assessed by the jury. In case of revocation, it would be the jail time the defendant would be called upon to serve, even though the jury would normally have assessed a fine alone. Any trial judge of experience can tell you this.

Further and more important, the guarantee of the right to trial by jury contained in the Sixth Amendment, United States Constitution, is made applicable to the states by virtue of the Fourteenth Amendment. Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968).

Article I § 10 of the Texas State Constitution, Vernon's Ann.St., provides that in all criminal prosecutions the accused shall have a speedy public trial by an impartial jury. Article I § 15, thereof, also provides:

"The right of trial by jury shall remain inviolate. The Legislature shall pass such laws as may be needed to regulate the same, and to maintain its purity and efficiency. . . ."

See, also, Article 1.12, Vernon's Ann.C.C.P.; 35 Tex.Jur.2d Jury § 9, p. 45; Ex parte Padgett, 161 Tex.Cr.R. 498, 278 S.W.2d 865 (Tex.Cr.App.1955).

The State Constitution clearly applies to all criminal prosecutions and "[i]n misdemeanor cases the defendant has the same right of trial by jury as is accorded in felony cases, . . ." 35 Tex.Jur.2d Jury § 12, p. 49.

In the instant case, the appellant, prior to trial, filed a written request to have the jury assess the punishment and also filed an application for probation to be considered by the jury. If the plea in this misdemeanor case had been "not guilty", this would have clearly invoked the right to

have the jury pass on issues of punishment and probation. See Article 37.07, Vernon's Ann.C.C.P., as amended 1967. *Cf.* Brumfield v. State, 445 S.W.2d 732 (Tex.Cr. App.1969). There exists no reason why the appellant was not entitled to a jury trial merely because her plea was "guilty". One charged with a misdemeanor has the right to trial by jury or to waive a jury irrespective of whether the plea be "guilty" or "not guilty". White v. State, 154 Tex. Cr.R. 498, 228 S.W.2d 183 (Tex.Cr.App. 1950). There certainly was no waiver of trial by jury.

The appellant was clearly entitled to a jury trial and to the verdict of that jury.

In 57 Tex.Jur.2d Trial § 393, p. 28, it is written:

"A jury in criminal proceedings must assess in their verdict the punishment intended to be imposed on the defendant, where it is not otherwise fixed by law. Under these circumstances assessment of punishment is exclusively within the province of the jury . . . ."

At least, prior to the enactment of Article 42.13, supra (the Misdemeanor Probation Law), it was fundamental that a trial judge did not have authority to receive a jury's verdict and then refuse to abide by it. Hardy v. State, 159 Tex.Cr.R. 54, 261 S.W.2d 172 (Tex.Cr.App.1953), and cases there cited.

In Champion v. State, 113 Tex.Cr.R. 172, 19 S.W.2d 63, 65 (Tex.Cr.App.1929), this court said:

". . . The proposition that the court cannot receive a verdict, discharge the jury, and thereafter change the verdict in any material part, has been often affirmed by this court, and is in accord with its uniform holdings. . . ."

And similar to the instant case, it has been held that the trial court may not re-ceive a verdict and give effect to part of it and ignore some other part and enter another and different judgment from that called for by the jury's verdict. Combes v. State, 286 S.W.2d 949 (Tex.Cr.App.1956); King v. State, 135 Tex.Cr.R. 71, 117 S.W. 2d 800 (Tex.Cr.App.1938). Nor may the court receive the verdict and go beyond it in enlarging the judgment thereon, since the judgment must follow the verdict. See, Cagle v. State, 147 Tex.Cr.R. 140, 179 S.W.2d 545 (Tex.Cr.App.1944). Also, Baker v. State, 70 Tex.Cr.R. 618, 158 S.W. 998 (Tex.Cr.App.1913); Luttrell v. State, 116 Tex.Cr.R. 277, 31 S.W.2d 818 (Tex. Cr.App.1930). The variance is material where it appears that the judgment imposes a more severe penalty than that assessed by the verdict. Rivers v. State, 10 Tex. App. 177 (Ct. of App.1881).

Castro v. State, 118 Tex.Cr.R. 53, 42 S. W.2d 779 (Tex.Cr.App.1931), held void the court's action in disregarding (upon the State's motion) the recommendation of the jury that the sentence be suspended. There the court held such action violates the

". . . fundamental principle that the judge presiding over a trial has no right and no power to change a verdict rendered by the jury unless with their consent and before their discharge. The right of the accused, under such circumstances, to have the judgment follow the verdict, if formal and agreeable to the issues submitted, is absolute. The impotency of the trial court or the judge presiding, at the instance of the state, to nullify a verdict, responsive to the evidence and issues, which accords the accused the suspended sentence is supported, it is thought, by the cases mentioned above and by the principles governing the decision of this court in the case of Snodgrass v. State, 67 Tex.Cr.R. 615, 150 S.W. 162, 41 L.R.A. (N.S.) 1144, in which the original suspended sentence law conferring upon the trial judge authority inconsistent with the finality of a

verdict of the jury was denounced. . . . " 42 S.W.2d at 781.[2]

In the instant case, the verdict was formal and responsive to the issues submitted and was received by the court without question. Following the jury's discharge, the court on its own motion changed the verdict rendered by requiring the immediate payment of $500.00 of the $1,250.00 the jury had decreed should be probated. See footnote #1 hereof.

The right to probation is a substantial one and should not be taken from an accused in part or in whole in any case where he reasonably brings himself within the terms of the law. *Cf.* Wilson v. State, 85 Tex.Cr.R. 148, 210 S.W. 802 (Tex.Cr.App.1919) (a suspended sentence case).

Without separately passing upon the question of whether the appellant was deprived of her constitutional right to trial by jury, I would conclude that she was denied due process by the court in requiring the payment of a portion of the fine assessed in order to obtain the benefit of the jury's recommendation as to probation. By such action, the court exacted part of the punishment where there was no judgment, no sentence and no final conviction and insofar as Article 42.13, supra, would authorize the action taken by the trial court, I would hold it unconstitutional.

While there is no claim of indigency in the instant case, one may well imagine the question of equal protection of laws that could arise where indigency is involved. If the trial court has the authority to require immediate payment of all or part of the fine assessed as a prerequisite to carrying out the jury's recommendation as to probation, then the solvent defendant could claim the benefit of probation, but the indigent defendant could not. See Tate v.

Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed. 2d 130 (1971).

For the reasons stated, I concur in the reformation of the judgment, the order of remittance and the affirmance.

2. See also Smith v. State, 479 S.W.2d 680 (Tex.Cr.App.1972) (holding trial court had no authority to strike probationary

period at end of confinement period which the verdict had imposed).